RUBIN BROS. FOOTWEAR, INC., Appellant, v. J. GREENEBAUM TANNING COMPANY, Respondent.— In an action to recover damages alleged to have been sustained by reason of defendant's failure to deliver goods ordered pursuant to written agreements, judgment dismissing the complaint on the merits unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ.

ELVIRA RUSSO, as Administratrix, etc., of GAETANO RUSSO, Deceased, Respondent, v. CUSHMAN'S SONS, INC., Appellant.— Judgment in action to recover damages for the death of decedent, caused by his being run down, while riding a bicycle, by defendant's automobile truck, and order denying motion for a new trial, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Carswell, Scudder and Davis, JJ.

ALBERT SALERNO, Respondent, v. JOSEPH J. MANCUSI and Others, Appellants, and SAMUEL ZIMMERMAN, Defendant.*— Judgment in plaintiff's favor in an action upon a promissory note, contested upon the ground, so far as the indorsers are concerned, that plaintiff extended the time of payment without reserving the right of recourse against the indorsers, and as to the maker, upon an alleged agreement as to partial payments, and order denying motion to set aside the verdict and for a new trial unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Scudder, Tompkins and Davis, JJ.

OTTO P. SCHMALZL, Appellant, v. ROSE PERETTA, Sometimes Called and Known as ROSE PARETTA, and Others, Defendants, and THOMAS J. HALLINAN, as Agent for Assignee, Respondent.— Order affirmed, with ten dollars costs and disbursements. Plaintiff moved for an order directing the respondent Hallinan, who is not a party to the action, to turn over to him, as mortgagee, rents collected by said Hallinan while he was acting as the agent of the owner of the equity of redemption. In our opinion the motion was properly denied because no receiver of rents was appointed in the action, the plaintiff never had possession of the mortgaged premises prior to the foreclosure sale, and there is not in the record satisfactory proof of a demand ever having been made by or on behalf of the plaintiff for possession of said premises. Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ., concur.

PHILIP EMBRY SMITH, Appellant, v. AMY BELL LANNING SMITH, by HENRY A. CORNELL, Her Committee, Respondent.— Judgment in action to annul a marriage reversed on the law and the facts, without costs, and plaintiff given judgment annulling his marriage, upon the ground that the defendant was a lunatic at the time thereof, which fact was not then known by the plaintiff. In our opinion the proofs establish the lunacy of the defendant before and at the time of her marriage with the plaintiff and the plaintiff's ignorance of her mental disorder at that time, and that he did not cohabit with her after the discovery of such condition. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Lazansky, P. J., Young, Carswell and Tompkins, JJ., concur; Hagarty, J., not voting. Settle order on notice.

STEEL UNION CO., INC., Respondent, v. DAVID H. SMITH & SONS, INC., Appellant.— Judgment in an action to recover damages for the breach of a contract to purchase merchandise unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ.

* Decision amended, 243 App. Div. 730.